CASANUEVA, Judge.
Sherri Dawn Hovis (the Wife) appeals from a final judgment for dissolution of marriage, contending that the judgment improperly allowed Anthony Parker Hovis (the Husband) to seek modification of his child support obligation as of the date of the marital settlement agreement rather than the date the petition was filed. Because there is no finality as to the contested clause of the final judgment, we affirm.
The parties filed their petition for dissolution in September 1999 and entered into a marital settlement agreement in November 2000 that provided for the Husband to pay child support for his two minor children based on his earnings from his then-thriving carpentry business. Apparently the business suffered reversals almost immediately thereafter, because the record reflects a series of motions for contempt and orders to show cause based upon the Husband’s failure to pay child support. When the case came before the general master for a pre-final judgment case management conference in early September 2001, the general master designated child support and child support modification as pending issues. The report noted that the Husband would file a motion to modify child support. Trial was set for later in the month.
The Husband filed his motion to modify child support, alleging that he had suffered a material and permanent change in circumstances because he was forced to close his business and take a job with a lower rate of pay. On September 20, 2001, the court held a brief hearing at which it entered a final judgment of dissolution in open court. The final judgment specifically incorporated the marital settlement *1151 agreement but also included the following provision: “The Husband shall be allowed to proceed on his Petition to modify child support as it relates back to the date of the marital settlement agreement, not the date of the entry of the final judgment.”
Although we question the propriety of allowing the Husband’s petition for modification to relate back to a time before it was filed, any decision by this court on that matter would be premature. The trial court has not ruled upon the petition for modification as it relates to any date; it has only permitted the Husband to “proceed.” Because the trial court has not entered a final decision as to the petition for modification, it would be inappropriate for this court to enter a ruling on the Wife’s contention. Accordingly, we affirm the final judgment.
Affirmed.
WHATLEY and COVINGTON, JJ„ Concur.